## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

HUSEYIN DEMIR                                                          PETITIONER

vs.                              Civil Case No. 2:10CV00002-BRW-JTK

T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                          RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Huseyin Demir for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket Entry # 1) Petitioner claims that he has been deprived of his constitutionally-protected due-process rights, as a result of a disciplinary action taken against him during his confinement.  Petitioner seeks to vacate the findings of the disciplinary hearing officer (DHO) and to restore twenty-seven (27) days of good-time credit that were forfeited pursuant to the disciplinary action.  Respondent has filed a response contending that

the Petition should be denied.  (Docket Entry # 7)

# I.  BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City).  He was sentenced by Judge Sim Lake in the United States District Court for the Southern District of Texas to eighty-seven (87) months, with five (5) years supervised release, for conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(a)(A)(ii) and 846.  *United States v. Huseyin Demir*, Case No. 4:05CR00302-003 (S.D. Tex. Sept. 25, 2006).  (Docket Entry #7-1, at 1-3)

The facts underlying Petitioner's suit are these:  On January 29, 2009, at McRae Correctional Facility in McRae, Georgia, some Muslim and Jewish inmates participated in a group demonstration boycott to protest the quality of the Kosher meals served in the dining hall.  According to a memorandum from Assistant Chief of Security Jody Yancey, only one inmate participated in the noon meal on January 29, 2009, and that inmate did not receive a disciplinary Incident Report.  (Docket Entry #1, Exhibit C, at 3)

On February 24, 2009, Petitioner was issued an incident report for engaging in a group demonstration (offense code 212).  (Docket Entry #1, Exhibit C, at 1)  He appeared before the DHO on March 12, 2009, and was advised of his rights prior to and during the hearing. *Id.*  Petitioner denied participation and gave a statement that he cooked dinner with his cell mate on January 28, 2009, and that, on January 29, 2009, he did not eat breakfast, which was

normal for him, and left for a medical call at 9:00 a.m., only to return to the dining hall around 11:00 a.m., where he did not see any Kosher card inmates and did not eat.  *Id.* at 1, 3.  Petitioner's cell mate gave a statement that, on January 28, 2009, he saw Petitioner go to the dining hall for lunch and that he did not know if Petitioner went to the dining hall on the other days in question.  *Id.* at 1-2.

After consideration of the evidence presented by Petitioner, Petitioner's requested witness, the Meal Monitoring Records review data, a Memorandum from Assistant Chief of Security Jody Yancey, and the Incident Report and Investigation, the DHO concluded that the greater weight of evidence supported the conclusion that Petitioner participated "'in the group demonstration by not participating in the facility served meals of the evening meal on January 28, 2009, breakfast on January 29, 2009 and the noon meal on January 29, 2009.'"  *Id.* at 3.  On this basis, the DHO found that Petitioner committed the prohibited act code 212, engaging in a group demonstration, where he voluntarily failed to participate in the facility provided meals on January 28 and 29, 2009.  *Id.*  The disciplinary sanctions imposed by the DHO included the disallowance of twenty-seven (27) days of good conduct time, disciplinary segregation of thirty (30) days, and a recommended disciplinary transfer.

Petitioner appealed the findings of the DHO through the Administrative Remedy Program, and the decision was upheld at both the Regional and Central Office levels. (Docket Entry #1, Exhibit A, and Docket Entry #12, Exhibit A)  As such, Petitioner appropriately exhausted his administrative remedies.

4

## II.  DISCUSSION

Petitioner contends that his rights[1] were violated because there was no evidence presented to the DHO that supported the guilty finding.[2] (Docket Entry #1, at 2-3) In opposition, Respondent asserts that Petitioner's due process rights were met in this case and that there was sufficient evidence to support the findings of the DHO.  (Docket Entry # 7, at 6)

The deprivation of good time credits for a violation of a prison rule implicates liberty interests protected by the Due Process clause.  *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)).  A prisoner facing a loss of good time credits is not, however, entitled to the full panoply of procedural safeguards that attend a criminal prosecution.  *Wolff v. McDonnell*, 418 U.S. at 556.  To satisfy the constitutional requirement of due process, a prison disciplinary action must satisfy only the simple procedural requirements prescribed in *Wolff*, which include (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action.  *See Hrbek v. Nix*, 12 F.3d 777, 780-81 (8th Cir. 1993) (citing *Wolff v.*

---

[1]The Court assumes Petitioner is pursuing his due process claims under the Fourteenth Amendment.

*McConnell*, 418 U.S. at 563-67); *Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)); *Allen v. Reese*, 52 Fed. Appx. 7, 8 (8th Cir. 2002) (unpublished opinion) (holding that federal prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision). The decision of the prison DHO is only required to be supported by "some evidence in the record." *Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457; *see also Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) ("[w]hen inmates are entitled to due process before being disciplined, they must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record.").

As a preliminary matter, this Court finds that Petitioner was afforded the procedural benefits prescribed by *Wolff*, and notes that Petitioner did not claim otherwise. Petitioner was given written notice of the charges against him and signed an acknowledgment of those

rights; he was advised of his rights by a staff member; he was given a hearing and an opportunity to have a staff member represent him and present evidence at that hearing; and he was given a written summary of the DHO's findings.  (Docket Entry #1, Exhibit C)  Nevertheless, despite these procedural safeguards, Petitioner asserts that his due process rights were violated because missing "'only' two meals is the entire evidentiary basis for the incident report and sanctions."  (Docket Entry #1, at 2) In support of his position, Petitioner asserts the following:

1.  It was verified by a witness in the DHO report that Petitioner did eat lunch on January 28, 2009.

2.  Petitioner and his cell mate prepared their meal at the unit on the night of January 28, 2009.

3.  The staff did not investigate the evidence properly.  Specifically, the staff never verified Petitioner's medical call-out and instead relied on another inmate's knowledge about Petitioner's whereabouts.  Petitioner did not attend the noon meal on the 29th due to his late release from a verifiable written medical call-out that staff could have easily verified.

4.  There was never any testimony given that Petitioner participated in a demonstration.

5.  The questioning of Petitioner's cell mate was inadequate when the DHO failed to ask him about eating with Petitioner on the night of January 28th, and Petitioner did not have the opportunity to point out pertinent questions that staff failed to ask.

6.  "[T]here were over 160 Kosher inmates at CCA McRae, both Jewish and Muslim.  There were many inmates on the compound who missed meals on those days.  Inmate Demir was singled out, with no incident specific evidence, for the incident report."

(Docket Entry #1, at 2-5)  The Court rejects Petitioner's arguments because the determination of the DHO met the "some evidence" standard articulated by the Supreme Court in *Superintendent v. Hill.*

The evidence before the DHO and upon which the DHO relied indicates that Petitioner gave a statement that he and his cell mate cooked dinner together in the unit on January 28, 2009, and that on January 29, 2009, he did not eat breakfast and was out on a medical call from 9:00 - 11:00 a.m.  Petitioner claimed he did not eat at that time because, when he went to the dining hall, there were no Kosher card inmates there.  The DHO acknowledged that Petitioner did not normally participate in breakfast meals and did not question the validity of his medical appointment; the DHO determined, however, that the lunch meal was still in process at 11:00 a.m. when Petitioner left his medial appointment, allowing him the opportunity to participate in the meal.  Also, Petitioner's cell mate was a witness at the hearing and gave a statement that, on January 28, 2009, he saw Petitioner go to the dining hall for lunch but that he could not vouch for Petitioner's location or participation during the other meals at issue.  The DHO found that this testimony did not support, and in fact discredited, Petitioner's statement that he and his cell mate cooked dinner together in the unit on January 28, 2009.  Further, the DHO considered the Meal Monitoring Records and the Memorandum from Assistant Chief of Security Jody Yancey, indicating that he monitored the noon meal on January 29, 2009, for the serving of the Kosher meal.  Only one inmate participated in the Kosher meal, and that inmate did not receive an incident

report.   Additionally,  the  meal  monitoring  review  indicated  a  "dramatic  change  in [Petitioner's] eating pattern[,]" as at no time during the review period had Petitioner ever missed three consecutive meals.  (Docket Entry #1, Exhibit C, at 3)

In sum, the Court finds that the record in this case provides at least some evidence to support the DHO's determination that Petitioner committed the prohibited act of engaging in  a  group  demonstration.   Therefore,  the  DHO's  decision  in  this  matter  should  not  be overturned by a writ of habeas corpus.  *See Goff v. Dailey*, 991 F.2d 1437, 1442 (8th Cir. 1993) (the outcome of prisoner disciplinary proceedings will be upheld by the federal courts if it is supported by some evidence in the record).

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket Entry #1) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is denied.

SO ORDERED this 29th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE